UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CURTIS EDWARD ALVEY, JR.**                                                     **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 1:20-CV-147-GNS**

**UNIVERSITY OF KENTUCKY**                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* action initiated by Plaintiff Curtis Edward Alvey, Jr. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.

**I.**

Plaintiff initiated this action by filing a "Claim Form" with the heading "Commonwealth of Kentucky Public Protection Cabinet Kentucky Claims Commission" (DN 1).[1] On the form, Plaintiff indicates that the state agency involved in his claim is the University of Kentucky and that the incident that forms the basis of his claim occurred on August 8, 2020, in Bowling Green, Kentucky. He then describes the incident as follows:

> After reaching out to Western Kentucky University and the University of Kentucky concerning a serious set of crimes that I am the victim of, I was approached by the police, but never given the opportunity of help to end the crimes. The school would only be concerned of emotional stress + and not the severity of the situation.

He then states:

> I believe the University of Kentucky is at fault by being a co-conspirator in the set of continuous crimes that I am a victim of. They could have asked what could have been done to fix it.

---

[1] The Claim Form states that the "Kentucky Claims Commission is vested with authority to compensate persons for damages sustained to person or property as a result of negligence on the part of the Commonwealth[]" (DN 1).

On the Court-supplied complaint form Plaintiff subsequently filed, Plaintiff names the University of Kentucky as the Defendant in this action (DN 1-1).  Under the section of the complaint form titled "Basis for Jurisdiction," Plaintiff indicates that he is suing federal, state and, local officials for violating "all my civil rights."  He then writes that his rights were violated "by contacting the police, but not allowing to press charges or pursue my civil rights."  He indicates that the events giving rise to this action occurred "on-line" at Western Kentucky University in Bowling Green, Kentucky from "Jan. 2020 – Present + Future."  He writes that the facts underlying his claim are that "[t]here are several witness + suspects.  Once contacted the Police Departments + School Officers to report a crime in process but was only approached by police, given blank stares + received zero help."  In the "Injuries" section of the complaint form, he states, "I have spoken to several law enforcement agencies + counselors + even hospital staff my head hurts I get dizzy I am scared for my life, like I am going to get shot or die in a car crash."  Under the "Relief" section of the form, Plaintiff writes, "Originally I was asking for $12,000,000 but now I'm pressing criminal charges[.]"

## II.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).  Conclusory allegations or bare legal conclusions will not suffice as factual allegations.  *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant case, Plaintiff fails to provide sufficient details to put Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*), and the complaint is simply too vague for the Court to discern a cause of action under any legal theory.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard as well. The instant action, therefore, must also be dismissed for lack of subject-matter jurisdiction.

Finally, Plaintiff may not ask this Court to press charges.  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  The Court does not have the power to direct that criminal charges be filed.  *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:  September 8, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
4416.011